UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Action No. 95-225 |
| BRUCE ROBERTS, | |
| Defendant | **ORDER** |

### KATHARINE S. HAYDEN, U.S.D.J.

This matter having come before the Court on defendant's petition for a writ of mandamus (docket entry # 4) to compel the Court to rule on previous motions filed by the defendant under this criminal docket number; and this Court having addressed the motions in the defendant's civil case, No. 04-5045, by its opinion and order dated December 31, 2007 (04-5045, docket entry # 19)(see attached); and good cause appearing,

It is on this 15th day of April, 2008

**ORDERED** that defendant's petition for a writ of mandamus (docket entry # 4) is **denied** as moot.

/s/ Katharine S. Hayden
Katharine S. Hayden
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| BRUCE ROBERTS, | |
| Petitioner, | |
| v. | Civ. Action No. 04-5045 (KSH) |
| UNITED STATES OF AMERICA | |
| Respondent. | **OPINION AND ORDER** |

**KATHARINE S. HAYDEN, U.S.D.J.**

**FACTS AND PROCEDURAL HISTORY**

Bruce Roberts was convicted of bank robbery and conspiracy to commit bank robbery in 1995 by a federal jury in a trial presided over by Judge Alfred Wolin, who sentenced him to 210 months imprisonment. Roberts filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on February 17, 1998. (Id.) In his petition, Roberts argued the government violated his Fourth Amendment rights, suppressed evidence favorable to his defense, and used perjured testimony. (Gov't Answer Ex. 4.) He also claimed he was denied effective counsel and that the court improperly instructed the jury. (Id.) Judge Wolin denied his petition in an opinion and order on August 19, 1998. (Id.) Roberts then filed both a motion for reconsideration and notice of appeal. (Gov't Answer Ex. 5 & 6.) On November 19, 1998 Judge Wolin issued a letter opinion and order denying Roberts' motion for reconsideration. (Gov't Answer Ex. 7.) On March 12, 1999 the Third Circuit denied Roberts' appeal. (Civil Action No. 98-743, entry 24.) The Third Circuit denied

1

Roberts' request to file a second or successive petition pursuant to 28 U.S.C. 2255 on April 23, 2001. (Civil Action No. 98-743, entry 25.) [1]

Roberts made an application on August 27, 2004 pursuant to 18 U.S.C. § 3582, which was assigned to this Court. (Docket entry # 1.) Under certain circumstances, Section 3582 permits a district court to modify a term of imprisonment, including when a defendant has been sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In this application Roberts argued that, in light of Blakely v. Washington, 124 S. Ct. 2531 (2004), he was entitled to a reduction in his sentence. (Docket entry # 1.) First the Clerk's office docketed the application as one brought pursuant to Section 2255; then Roberts tried to have his application re-characterized as a Section 3582 motion. (Docket entry # 7.) Then the Court reviewed Roberts' submission and determined that he failed to allege any Section 3582 exceptions which would allow the Court to modify his sentence. The Court ordered the Clerk's office to keep the application on the docket as a Section 2255 petition, where it is pending decision. (Docket Entry # 6.)

On August 30, 2007, Roberts made another application to the Court styled as an ex parte motion pursuant to Fed. R. Crim. P. 52(b). (Docket entry # 13.) He argued that the Court should modify the existing order governing the payment of his fine of $5,000 imposed by Judge Wolin because the sentencing judgment improperly delegated authority for designing an installment payment plan to the Bureau of Prisons instead keeping it within the Court. (Docket entry # 13, 1-2.) His application asks the Court to "remand[ ] [him] back to this Court to set the timing and amount to be paid toward the fine, or in the alternative, to issue and [sic] Order that the fine is to be paid during the course of supervised release."

---

[1] The docket entry reads: Certified Copy Of Order from the USCA denied petitioner's application to file a second successive motion; 01-1568 (DS) (Entered: 04/27/2001)

2

The government filed a motion to dismiss the pending Section 2255 petition in January 2005, arguing it was a second or successive Section 2255 petition that was barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Docket entry # 8.) On October 1 and November 5, 2007 the Court ordered the government to respond to both the August 27, 2004 application and the August 30, 2007 application. (Docket entries # 14, 15.) The government answered on November 26, 2007. (Docket entries # 16, 17.) It argued that both applications were successive Section 2255 petitions and that Roberts did not obtain a Certificate of Appealability. (Gov't Answer Intro.) In addition, the government argued that the decisions in Blakely and United States v. Booker, 543 U.S. 220 (2005), were not made retroactive to convictions that were final at the time they were decided, and since Roberts' conviction was final well before those decisions, he is not eligible for retroactive relief. (Id.) The government also argued that he failed to raise the fine-collection argument in his first Section 2255 petition and is raising the issue now through an improperly filed motion. (Id.)

On December 6, 2007 Roberts submitted a letter to this Court claiming that he is entitled to a reduction in sentence due to an amendment to the United States Sentencing Guidelines, which clarifies how a defendant's multiple prior sentences are calculated for purposes of determining a criminal history score. (Docket entry # 18.)

## DISCUSSION

### A.   Section 2255 Petitions

Section 2255 provides:

A second or successive motion must be certified as provided in section 2244 [28 USC § 2244] by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. This requirement was added with the adoption of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and "establishes the procedural and substantive requirements which govern 'second or successive' habeas petitions." Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005). "Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements." If a petitioner does not obtain authorization from the court of appeals, the district court is without jurisdiction to entertain the motion. Burton v. Stewart, 127 S. Ct. 793, 796 (2007); Benchoff, 404 F.3d at 816.

The record establishes that Roberts filed a Section 2255 motion in 1998 before Judge Wolin that was ruled upon and appealed, and that in 2001, he was denied the opportunity to file a second successive petition by the Third Circuit.

### 1. August 27, 2004 application

This Court's December 20, 2004 order characterizes Roberts' then pending petition as one filed pursuant to Section 2255 because Roberts sought to correct his sentence and did not meet the criteria for modification of a sentence under Section 3582. (Docket entry # 6.) The government's motion to dismiss is appropriate because it is clear that the Court is deprived of jurisdiction to consider it because Roberts must first obtain authorization from the Third Circuit.

Even if this Court did consider the merits of Roberts' petition, he would not be entitled to any relief. Roberts seeks to use the Supreme Court's decision in Blakely as a reason to reduce the sentence he is serving. The government properly points out that since Booker supersedes Blakely, the Court should analyze whether Booker applies. (Gov't Answer 10.) The Booker Court struck down the mandatory portions of the Sentencing Guidelines as unconstitutional. Booker, 543 U.S. at

259. In <u>Lloyd v. United States</u>, 407 F.3d 608, 611 (3d Cir. 2005), the Third Circuit ruled on how <u>Booker</u> applies to sentenced individuals, and it created a firewall. "Because <u>Booker</u> announced a rule that is 'new' and 'procedural,' but not 'watershed,' <u>Booker</u> does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date <u>Booker</u> issued." <u>Id.</u> at 616. Here, Roberts' conviction was final on February 18, 1997, the day his right to petition for certiorari to the Supreme Court expired. Since the final conviction date was well before <u>Booker</u> was decided, he is not eligible to apply the decision retroactively to his case.

### 2. August 30, 2007 application

Roberts' application concerns his court imposed fine of $5,000 and the Bureau of Prisons' authority to create an installment plan. There is recent Third Circuit law that lends support to Roberts' claim. See <u>United States v. Corley</u>, 500 F.3d 210 (3d Cir. 2007)(holding a restitution order which delegates to the Bureau of Prison the responsibility for determining how a defendant will pay his obligations improperly delegates a judicial function and remanded the case for resentencing). Even so, his application is procedurally flawed and the Court cannot address the merits.

Roberts raises this issue pursuant to Fed. R. Crim. P. 52(b), which states "[a] plain error that affects substantive rights may be considered even though it was not brought to the court's attention." The Supreme Court has held 52(b) "permits a criminal conviction to be overturned on <u>direct</u> <u>appeal</u>...." <u>United States v. Frady</u>, 456 U.S. 152, 154 (1982)(emphasis added). The Tenth Circuit has held that the "temporal limits on bringing § 2255 motions cannot be circumvented by dressing up such a motion as a Rule 52(b) motion." <u>United States v. Lehi</u>, 208 Fed. Appx. 672, 674 (10th Cir. 2006). Other courts have also ruled that Rule 52(b) is an improper vehicle for raising issues that are properly raised pursuant to Section 2255. See <u>Gordon v. United States</u>, 05-cv-00220, 2006 U.S. Dist. LEXIS 45928 (D. W. Va. 2006)(finding "Defendant's Rule 52(b) motion is tantamount to a successive application for collateral review, and that this court lacks jurisdiction to consider it"); <u>United States v. Hummasti</u>, 91-120-FR, 1997 U.S. Dist. LEXIS 4826 (D. Or. 1997)(dismissing

5

Rule 52(b) motion of convicted bank robber as a second Section 2255 petition). If, as the Court necessarily must conclude, Roberts is seeking to correct his sentence, then he is really bringing a petition pursuant to Section 2255 and therefore must seek authorization from the Third Circuit to file a second or successive petition.

### 3. December 6, 2007 letter

Roberts argues he is entitled to a reduction in his sentence because of the adoption of Amendment 709 by the United States Sentencing Commission, effective on November 1, 2007. (Docket entry # 18 at 2.) He claims that the sentencing court improperly counted a parole violation as a prior sentence when calculating the criminal history score. (Docket entry # 18 at 2.) Amendment 709 clarifies how a defendant's multiple prior sentences are calculated for purposes of determining a criminal history score. U.S. Sentencing Guidelines Manual § 4A1.2; Appendix C, Amendment 709 (2007). The amendment and his argument address his sentence and as such, relate to the Booker issues in his August 27, 2004 application. Again, in order for him to have those issues considered by this Court, he must obtain authorization from the Third Circuit pursuant to AEDPA.

### B.   Miller Notice

Pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), a court must inform a pro se petitioner of the consequences of filing a Section 2255 petition before converting an application to such a petition. Id. at 646. But the Third Circuit has excused the notification requirements when "notice would serve no purpose." Smith v. Nash, 145 Fed. Appx. 727, 729 (3d Cir. 2005)(notice not required because statute of limitations had already expired). The notice requirement would serve no purpose here because the Court easily concludes that Roberts is fully aware of the consequences of characterizing his applications as Section 2255 petitions. In 2001, his effort to file a successive Section 2255 petition failed, and he has worked hard to avoid that situation since, using other statutes to launch his applications for relief. There is no remedial basis for giving Miller notice,

which addresses a different pitfall, and the Court will not further attenuate the decision-making process.

Good cause appearing, therefore,

It is on this 31st day of December, 2007

**ORDERED** that Roberts' applications filed on August 27, 2004 (docket entry # 1) and August 30, 2007 (docket entry #13) are dismissed for lack of jurisdiction.

/s/Katharine S. Hayden
Katharine S. Hayden
United States District Judge